## The People vs. John Adwards.

The Circuit Judges can reserve for the opinion of this Court questions of law only, and not questions of fact, or questions involving both law and fact.

A motion for a new trial, on the ground that the verdict is against evidence, for the reason that the facts proved, or to prove which evidence was given, did not make out the crime, embraces both law and fact:

A motion for a new trial, on the ground that the verdict is against the weight of evidence, presents a question of fact alone:

And neither of these questions can be reserved for the opinion of this Court.

Under an indictment for mingling poison with the drink of another, with intent to injure, the magnitude of the injury is wholly immaterial; nor is it of any consequence that the prisoner had a double intent, — one to injure the person, and the other to obtain his property by stealth, through the means of that injury:

Therefore, where the Circuit Judge was asked to charge the jury that if they found that the prisoner administered the poison to the prosecutor with the intent to obtain his money by stealth, *rather than to injure his person*, they must find a verdict of not guilty; — *Held*, That the request was properly refused.

*Heard January 7th.   Decided January 11th.*

Case reserved from the Wayne Circuit, and certified to this Court as follows:

"The Circuit Court for the County of Wayne:   The People vs. John Adwards.

"The prisoner was tried at the September Term of this Court, upon an indictment based upon Sec. 27 of Chap. 153 of the Revised Statutes, and charging that the prisoner mingled with the drink of one Robert Mothersell a quantity of poison known as morphine, *with the intent to injure him.*

"Upon the trial, it appeared in evidence that the prisoner mingled with the drink of Mothersell three-fourths of a grain of sulphate of morphine (a narcotic poison, in large doses), which was drunk by Mothersell; that morphine is not poisonous except in doses over a grain; that the dose administered was not sufficient to, nor did it, do him any permanent injury, but was sufficient to, and did, put him into a state of deep sleep; and that it was the design and intent of the prisoner, in administering the morphine, to steal from the person of Mothersell a large sum of money, when he should be thus asleep.

"Before the jury were charged, the Court was requested, by counsel for the defense, to charge the jury that, if they found that the prisoner administered the morphine to Mothersell, with the intent to obtain his money by stealth, rather than to injure his person, then they must find a verdict of not guilty.

"The Court refused so to charge, and the jury returned a verdict of guilty.

"Mr. Terry, of counsel for the prisoner, now moves the Court for a new trial, because,—

"1st. The verdict is against evidence in this, to wit: The evidence did not show that the morphine in question was given, &c., with an intent to injure Mothersell within the meaning of the statute, and as charged in the indictment; but it does show that the sole intent was to obtain his money:

"2d. The Court erred in refusing to charge the jury as requested by counsel for the prisoner.

"The motion for a new trial this day coming on to be heard upon the foregoing case, the questions arising thereon are reserved for the consideration and advice of the Supreme Court.             "B. F. H. WITHERELL, Circuit Judge."

"Dec. 31st, 1857.

*C. W. Burt*, with whom was *H. D. Terry*, for defendant.

*J. M. Howard, Attorney General*, for the People.*

MANNING J.:

The motion for a new trial, reserved in this case for our opinion, is based on two grounds,—1st, That the verdict was against evidence; 2d, That the Court erred in refusing to charge the jury as requested by the prisoner's counsel.

---

* The principal question involved in this case, and in the last, being the same, the two cases were argued together, and mainly upon the same briefs. The Attorney General, in addition to the authorities referred to in the *Carmichael Case*, cited and commented upon 8 *Car. & P.* 660 ; *Reg. vs. Bowen*, 1 *C. & M.* 149.

The first proposition is not properly before us. Sec. 12 of Session Laws of 1851, page 246,* provides for the reservation of questions of law, only, in civil cases or criminal prosecutions, and not of questions of fact, or questions involving both law and fact.

Every motion for a new trial, on the ground that the verdict is against evidence, for the reason that the facts proved, or to prove which evidence was given, did not make out the crime, embraces both law and fact,—the law, as to what facts are necessary to constitute the crime; and the fact, whether all of those facts were proved on the trial. The case before us is one of this description, made so, perhaps, by the ingenuity of the counsel who prepared the case. The facts that appeared in evidence, in the language of the case, are set forth in it, but not the evidence itself. Whether all of the facts that appeared in evidence, or a part only, are set forth, we know not, nor does the case made, itself, disclose; and the motion for a new trial is made on the ground that "the verdict is against evidence in this; to wit," that the evidence did not show certain facts which should have been proved, to warrant the jury in convicting the prisoner.

When the motion for a new trial is made on the ground that it is against the weight of evidence; that is, that the evidence was not sufficient to warrant a verdict of guilty, and not that there was an entire want of evidence to prove certain facts necessary to make out the offense; the question is one of fact alone, to be determined on the motion, by the Court, in the same way as by the jury. We do not wish to be understood by this that the Court will grant a new trial in all cases where it may think the weight of evidence is against the finding of the jury. We are not discussing the law on that point, but have referred to it merely for the purpose of pointing out the two distinct classes of cases in which a new trial may be asked, and that in one it is a

*Sec. 3422 of Compiled Laws.

question of fact, and in the other a mixed question of law and fact, and that no case belonging to either class can be reserved for the opinion of this Court, under the Act.

We see, or think we see, good reason why such should be the law, and why the Legislature has restricted the action of this Court to the question of law only. It is better the question of fact should be passed upon by the Court in which the trial was had than by this Court, for the reason that the judge before whom the case was tried has seen the witnesses, and heard them testify on the trial. The appearance of a witness, and the manner in which he gives his evidence, sometimes go far in determining the weight to be given to it; but they can not be transferred to paper, with all the lights and shades and different colorings attending them, nor can the evidence itself, in the precise language of the witness—circumstances important, if not absolutely necessary in some cases to be known, in order to determine the weight to be given to the testimony.

The second ground on which the new trial is asked is, the refusal of the judge to charge the jury, "that if they found that the prisoner administered the morphine to Mothersell with the intent to obtain his money by stealth, *rather than to injure his person,* they must find a verdict of not guilty."

We think the Court was right in refusing so to charge. The request of the prisoner's counsel, it seems to us, admits the crime for which the prisoner was tried, if not in direct terms, clearly by implication. The statute is, "If any person shall mingle any poison with any food, drink, or medicines, with intent to kill or injure any other person," he shall be punished, &c. The intent to injure is a necessary ingredient in the crime; it should clearly appear; but the magnitude of the injury, whether it be great or small, is wholly immaterial; nor is it of any consequence, one way or the other, that the prisoner had a double intent,—one to injure the person, and the other to obtain his property by stealth,

through that injury—if the injury to the person was intended as a means to enable him to effect his ultimate object. — *People vs. Carmichael, decided this term.*[*]

If the charge the Court was requested to give does not admit the injury, it is certainly not sufficiently clear and pointed to go to the jury.

The other Justices concurred.

*Ordered*, that it be certified to the Circuit Court for the County of Wayne that the motion for a new trial should be denied.